The GOSHO COMPANY, Ltd., Libelant,

v.

THE S.S. PELICAN STATE, etc., States Marine Corporation and States Marine Corporation of Delaware, Respondents.

United States District Court
S. D. New York.
March 12, 1957.

Hill, Rifkins, Middleton, Louis & Warburton, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for respondents.

WEINFELD, District Judge.

This is a motion to overrule respondent's exception to interrogatories propounded by libelant in an action to recover damages for cargo loss caused by a fire aboard the respondent's vessel the S.S. Pelican. The respondent has pleaded in defense the Fire Statute, 46 U.S.C.A. § 182. Libelant can meet this defense only by establishing "design or neglect of [the] owner". This imposes a heavy burden upon libelant since a showing of negligence by the officers or crew of the vessel is not sufficient to defeat the defense.[1]

Libelant contends that the fire in question started as a result of certain acetylene torch work to remove gun tubs. The chief engineer of the Pelican testified upon his examination before trial that this work was done on his own initiative and not under orders from the

---

1. Earle & Stoddart, Inc., v. Ellerman's Wilson Line, 287 U.S. 420, 53 S.Ct. 200, 77 L.Ed. 403.

owner. He also testified that he had performed similar acetylene torch work on the other vessels operated by respondent which its various managing officials had examined after the work had been done.

Libelant thereafter propounded the interrogatories which are the subject of the present motion. They are designed to elicit information which would show that the respondent's managing agents either actually ordered or acquiesced in the performance of similar acetylene work on all respondent's vessels similar to the Pelican. Essentially, libelants seek to establish that a regular and uniform policy to remove gun tubs with acetylene torches had been in effect and carried out by respondent with respect to its vessels similar to the Pelican; that such action had been taken by the ship's officers either under specific directions of the owner or with its consent. Clearly the information sought is relevant to the basic issue of the owner's "design or neglect" on which the case must be resolved.[2] Accordingly the exceptions are overruled.

While the interrogatories may require some digging, on the papers presented there is no showing that they are oppressive.[3]

Settle order on notice.

**3.** See, 4 Moore, Federal Practice ¶33.20 (2d ed. 1950).

